ELLIS & McCOY, Appellees, v. GEO. A. WARFIELD, Appellant.

82  659
f120 344
122  252

Action for Attorney Fees: EVIDENCE. In an action to recover the value of services rendered by the plaintiffs as attorneys in a case in the supreme court the defendant pleaded an agreement on the part of the plaintiffs to accept a sum stated per day for their services in the district court, and a further sum stated in full for all services in the supreme court, and alleged that an amount, admitted by the plaintiffs to have been paid, was in full for the plaintiffs' services in both courts. *Held*, that evidence on the part of the plaintiffs as to the extent and value of their services in the district court was competent.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

TUESDAY, MAY 26, 1891

ACTION to recover two hundred and fifty dollars for services rendered as attorneys for the defendant before the supreme court in the case of this defendant against Elsie Warfield. The defendant answered, admitting the services, and the value thereof, but alleged that the plaintiffs performed services in that case in the district court under an agreed fee of twenty-five dollars per day; that at the time the decision was rendered by the district court the defendant paid the plaintiffs in full for services to that date, and, anticipating an appeal by the defendant in that case, it was agreed, if this defendant would pay two hundred and fifty dollars additional, the plaintiffs would receive it in full for services in the supreme court, which sum the defendant then paid to the plaintiffs. There was a trial to a jury, and judgment for plaintiffs. The defendant appeals. *Affirmed.*

*D. C. Cloud*, for appellant.

*L. A. Ellis, E. F. Richman* and *H. J. Lauder*, for appellees.

GIVEN, J.—I. The appellees moved to affirm the judgment on the grounds that the abstract does not claim to contain all of the testimony; that the instructions were not excepted to; and that the assignments of error in the admission of testimony are too general. We think the record before us is in substantial compliance with the rules with respect to abstracts, exceptions, and assignments of error, and the motion to affirm is, therefore, overruled.

II. The court admitted testimony, over the defendant's objection, as to the extent and value of the services rendered by the plaintiffs in the district court, and gave instructions in respect thereto. The point in dispute was whether the amount paid by the defendant to the plaintiffs included the services to be rendered in the supreme court, or only the services already rendered in the district court. There was no dispute as to the

amount, but, to determine whether that amount covered services in the district court only, it became necessary to ascertain the value of that service, and to do this it was necessary to determine whether it was rendered under contract, as claimed by the defendant. While it is true that the recovery sought was for services in the supreme court only, yet, in view of the claims of the parties, it became necessary to ascertain the value of the services in the district court in determining whether the amount paid was in satisfaction of one or both. There was no error in admitting the testimony and giving the instructions complained of.

The judgment of the district court is AFFIRMED.